NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAILEY POTTER,

　　　　　Plaintiff - Appellant,

　v.

FRANK BISIGNANO, Commissioner of
Social Security,

　　　　　Defendant - Appellee.

No. 25-4335

D.C. No.
2:24-cv-01891-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted June 11, 2026[**]
Seattle, Washington

Before: M. SMITH and TUNG, Circuit Judges, and HINDERAKER, District
Judge.[***]

　　　　Hailey Potter appeals the district court's judgment affirming the

---

[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]　　　The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

Commissioner of the Social Security Administration's denial of her application for supplemental security income disability benefits under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's judgment upholding an administrative law judge's ("ALJ") denial of social security benefits. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). The Court disturbs the Commissioner's decision "only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Bray*, 554 F.3d at 1222).

Plaintiff argues the ALJ improperly found three medical source opinions—those from Drs. Escobar, Yun, and Edwards—unpersuasive. Under 20 C.F.R. § 416.920c(b), the ALJ was required to explain these findings based on two factors: supportability and consistency. *See also Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). The ALJ did so.

The ALJ found the limitations noted in Dr. Escobar's physical functioning assessment unpersuasive because her opinion was "unsupported by, and inconsistent with, the claimant's severe impairments" that had lasted over twelve months, "[s]pecfically the claimant's migraine headaches, gastrointestinal

2                                                                                    25-4335

disorder, and obesity." AR 24. The ALJ explained that Plaintiff's "physical exams for the relevant period do not report significant deficits in strength, range of motion, gait, or station," the conservative treatment record did not support such restrictive limitations, and the opinion seemed to be based primarily on Plaintiff's subjective symptom testimony. AR 24–25. These are all valid reasons for rejecting Dr. Escobar's opinion. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (to support a rejection of an examining doctor's opinion, "an ALJ need only provide 'an explanation supported by substantial evidence'" (quoting *Woods*, 32 F.4th at 792)); *Smartt*, 53 F.4th at 500 ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)); 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.").

The ALJ found Dr. Yun's medical source statement unpersuasive because the noted limitations in Plaintiff's mental functioning were "inconsistent with the claimant's relevant mental health treatment . . . and unsupported by the claimant's lack of reports of mental health symptoms and normal psychiatric exams at various times during treatment for physical impairments." AR 26. The ALJ also noted that Dr. Yun drew his opinions before Plaintiff's amended onset date, "conducted [her]

3                                                                    25-4335

evaluation by telephone[,] and did not review any records prior to the telephone conversation." *Id.* As above, these reasons provide substantial evidence to support the ALJ's persuasiveness finding. *See* 20 C.F.R. § 416.920c(c)(3)(iv), (c)(5) (an ALJ is entitled to consider the "kinds and extent of examinations and testing the medical source has performed" and whether the medical source has "familiarity with the other evidence in the claim").

The ALJ found the opinions in Dr. Edwards's psychological consultative evaluation unpersuasive because they appeared to be based primarily on Plaintiff's subjective reporting of symptoms, and the limitations were "unsupported by, and inconsistent with, Plaintiff's treatment at Compass Heath, which shows far fewer symptoms and limitations on mental status exams." AR 25. The ALJ noted that Plaintiff reported significant symptoms to Dr. Edwards that did not appear elsewhere in the record and that Plaintiff had grossly normal "mini psychiatric evaluations" during her treatment for physical impairments. *Id.* Moreover, while Dr. Edwards found Plaintiff suffered from hallucinations, she did not consider whether Plaintiff's daily cannabis use could be causing them. This is important because in 2021, Plaintiff experienced a fainting episode that her physician attributed to "cannabis intoxication with complication." AR 681. As a result, the physician advised Plaintiff to "avoid cannabis" and provided her with a handout listing hallucinations as a potential side effect of marijuana abuse. AR 681, 921.

25-4335

These explanations, too, provide substantial evidence to support the ALJ's conclusion.

Plaintiff argues the ALJ erred in finding her testimony "about the intensity, persistence, and limiting effects of [her] symptoms . . . inconsistent with the record because the claimant's treatment records do not support the severity alleged." AR 23. If a claimant provides objective medical evidence of a medically determinable impairment that could reasonably be expected to produce the alleged symptoms and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (alteration in original) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). The ALJ's step-four analysis provides such reasons.

The ALJ described Plaintiff's testimony at the hearing that she experiences constant fatigue and pain that worsens with any activity and that she has migraines that will last a week and has tried migraine medication. The ALJ found that "Plaintiff's medically determinable impairments could reasonably be expected to cause only some of the alleged symptoms" and Plaintiff's treatment records did not support the severity alleged. AR 23. The remainder of the ALJ's step-four explanation analyzed Plaintiff's treatment records, including migraine treatment

where Plaintiff reported improvement on medication, a "grossly normal" physical consultative examination, and several physical examinations that reported no "significant deficits in strength, range of motion, gait, or station." AR 24–25. These details provide sufficient "reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). The ALJ identified clear and convincing reasons to discount the severity of Plaintiff's alleged symptoms.

In sum, substantial evidence supports the ALJ's persuasiveness findings regarding the three medical providers' opinions and his credibility assessment of Plaintiff's testimony. Plaintiff's criticism of non-dispositive aspects of the ALJ's reasoning and suggestions of alternative interpretations of the evidence fail to establish reversible error. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

**AFFIRMED.**